# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

|  |  |
|---|---|
| TOMIKA HOLMES, ) <br> 1712 POLING AVENUE ) <br> FORT WASHINGTON, MD 20744 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WASHINGTON METROPOLITAN ) <br> AREA TRANSIT AUTHORITY, ) <br> ) <br> Defendant. ) | Civil Action No. _____ <br><br> Jury Requested |

## COMPLAINT

**COMES NOW** Plaintiff, Tomika Holmes (hereinafter "Plaintiff" or "Ms. Holmes"), by and through her undersigned counsel, and sues Washington Metropolitan Area Transit Authority (hereinafter "WMATA" or "Defendant"), and for cause of action states as follows:

### NATURE OF THE CASE

1. Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*., for relief from discrimination based on race, sex, color, retaliation, and a hostile work environment.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under laws of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

3. Venue is appropriate and is based on the fact that a substantial part of the

1

actions complained of are the result of actions and the employment practices of Defendant, a municipality within the District of Columbia. *Id*.

## EXHAUSTION OF REMEDIES

4. Plaintiff timely contacted the United States Equal Employment Opportunity Commission ("EEOC") and filed a complaint against WMATA alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e, *et. seq.*, identified as EEOC Charge No.570-2021-01998.

5. Plaintiff has exhausted all her administrative remedies.

6. Plaintiff submitted a Form 5 Charge to the EEOC alleging that WMATA had violated Title VII of the Civil Rights Act of 1964, as amended, due to discrimination based on retaliation and a hostile work environment.

7. On February 3, 2022, Plaintiff received an email with a *Pre-Determination Counseling Letter*.

8. On February 10, 2022, Plaintiff filed a Response Letter to address the concerns raised in the Predetermination Letter.

9. On February 24, 2022, Plaintiff received a notification that her EEO complaint was closed, which provided Plaintiff ninety (90) days in which to file a lawsuit

10. On May 25, 2022, Plaintiff timely files her action within ninety (90) days of receipt of the EEOC's "Notice of Right to Sue."

## PARTIES

11. Plaintiff is currently domiciled at 1712 Poling Avenue, Fort Washington, Maryland. Plaintiff is a resident of the State of Maryland and a United States citizen.

12. Defendant WMATA is an instrumentality created by Congress to operate a mass

transit system in the District of Columbia and the surrounding Metropolitan area and is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of its employees or agents and is therefore liable, pursuant to the doctrine of *Respondent Superior*.

## FACTUAL BACKGROUND

13. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

14. Plaintiff was hired by Defendant in 2001 as a Police Officer, and during the time at issue she was in the position of Lieutenant overseeing the Crime Scene Search, the Property and Evidence Unit, and the Field Training Unit.

15. During the times at issue in this matter, Plaintiff's direct supervisors were Stephen Boehm (hereinafter "Deputy Chief Boehm"), Deputy Chief, George Nader, Deputy Chief and Ronald Pavlik (hereinafter "Chief Pavlik") was the Chief of Police.

16. During Plaintiff's tenure in Defendant's employ, Plaintiff was repeatedly harassed and unfairly disciplined by Deputy Chief Boehm for minor offenses and departmental practices which are used by Plaintiff's coworkers.

17. Plaintiff was chastised and punished for behavior and actions that her co-workers, of a different race and sex that Plaintiff and who have not engaged in prior EEO Activity.

18. Plaintiff was embarrassed and humiliated when on or about April 12, 2018, Chief Pavlik stated that he did not "see the value in transferring the problem," clearing alluding to Plaintiff being a problem.

19. Chief Pavlik referred to Plaintiff as a problem because she made complained about unfair and discriminatory treatment and being in a hostile work

3

environment.

20. Deputy Chief Boehm intentionally assigned Plaintiff to the day shift, after Plaintiff specifically expressed a preference for the night shift detail.

21. Chief Pavlik transferred Plaintiff to day shift, and this increased contact with Deputy Chief Boehm, whom Plaintiff had complained was harassing her and creating a hostile work environment.

22. Chief Pavlik also transferred a Lieutenant Wigglesworth, an African American, to the night shift after he expressed his preference for day shift.

23. On or about January 24, 2021, Plaintiff was improperly demoted to Sergeant as retaliation after she filed a complaint against a co-worker.

24. After Plaintiff had filed the complaint against her coworker, George Nader (hereinafter "Deputy Chief Nader"), Deputy Chief, instigated an investigation against Plaintiff utilizing the same tracking numbers he used to pull Plaintiff's complaint against her co-worker.

25. This improper usage of the tracking numbers resulted in the matter being included in Plaintiff's personnel file although the original allegation against the coworker was later determined to be unfounded.

26. Subsequently, a Caucasian co-worker filed a complaint against Plaintiff, which was eventually determined unfounded.

27. After this complaint was determined to be unfounded, Plaintiff instigated a complaint against her White co-worker utilizing the same process Deputy Chief Nader used to initiate the complaint against her.

28. However, WMATA failed to investigate Plaintiff's properly initiated complaint.

29. WMATA failed and or refused to request tracking numbers from the Office of Professional Responsibility and Inspection against the co-worker, as requested by WMATA's policies and procedures.

30. Plaintiff complained about the unfair and discriminatory treatment she was being subjected to by WMATA officials.

31. In or about January 2021, Plaintiff's pay was incorrectly docked despite her timely provision of all information requested as the Deputy Chief.

32. The Deputy Chief failed to transfer the information Plaintiff had provided to the proper parties so that she would be paid properly.

33. Subsequently, Plaintiff was advised that she had been "overpaid".

34. From around June 8, 2021, through June 22, 2021, Defendant improperly withheld Plaintiff's pay for an alleged "overpayment" although no overpayment occurred.

## COUNT ONE
### (Discrimination on the Basis of Race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.)

35. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

36. As an African American, Plaintiff is a member of a protected class.

37. Plaintiff was subjected to an adverse action in the form of her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay.

38. As the adverse actions to which Plaintiff was subjected were demonstrably harsher than that meted out by Defendant to Plaintiff's non-African American co-workers, Plaintiff charges that her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay were the result of her race.

39. Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment via her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay.

40. Defendant knew that Plaintiff is an African American prior to subjecting Plaintiff to the aforementioned material adverse employment actions.

41. As described above, Plaintiff has been treated differently than and subjected to different terms and conditions of employment in comparison with her non-African American co-workers.

42. As stated above, other employees that worked in the same position as Plaintiff, under the same management as Plaintiff, but were members of a different class as they were not African American, have been treated more favorably than Plaintiff in the terms and conditions of employment.

43. Further, other employees that worked in the same position as Plaintiff, under the same management as Plaintiff, but were members of the same class as they were African American, have been treated similarly to Plaintiff in the terms and conditions of employment.

44. Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

45. Plaintiff's race was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

46. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

47. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her race (African American).

48. Defendant discriminated against Plaintiff because of her race (African American) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

49. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

50. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

51. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all the other losses stated, without Plaintiff contributing in any way thereto.

**COUNT TWO**
**(Discrimination on the Basis of Sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.)**

52. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

53. As a woman, Plaintiff is a member of a protected class.

54. Plaintiff was subjected to an adverse action in the form of her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay.

55. As the adverse actions to which Plaintiff was subjected were demonstrably harsher than that meted out by Defendant to Plaintiff's male co-workers, Plaintiff charges that her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay were the result of her sex.

56. Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment via her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay.

57. Defendant knew that Plaintiff is a female prior to subjecting Plaintiff to the aforementioned material adverse employment actions.

58. As described above, Plaintiff has been treated differently than and subjected to different terms and conditions of employment in comparison with her male co-workers.

59. As stated above, other employees that worked in the same position as Plaintiff, under the same management as Plaintiff, but were members of a different class as they were male, have been treated more favorably than Plaintiff in the terms and conditions of employment.

60. Plaintiff's sex was a determining factor in Defendant's unlawful conduct toward Plaintiff.

61.     Plaintiff's sex was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

62.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

63.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her sex (Female).

64.     Defendant discriminated against Plaintiff because of her sex (Female) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

65.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs– and is entitled to all available legal and equitable remedies.

66.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

67.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all the other losses stated, without Plaintiff contributing in any way thereto.

**COUNT THREE**
**(Discrimination on the Basis of Color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.)**

68.     Plaintiff incorporates all information and allegations contained in the preceding

paragraphs as if fully set forth herein.

69. As a black individual, Plaintiff is a member of a protected class.

70. Plaintiff was subjected to an adverse action in the form of her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay.

71. As the adverse actions to which Plaintiff was subjected were demonstrably harsher than that meted out by Defendant to Plaintiff's non-black co-workers, Plaintiff charges that her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay were the result of her color.

72. Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment via her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay.

73. Defendant knew that Plaintiff is a black individual prior to subjecting Plaintiff to the aforementioned material adverse employment actions.

74. As described above, Plaintiff has been treated differently than and subjected to different terms and conditions of employment in comparison with her non-black co-workers.

75. As stated above, other employees that worked in the same position as Plaintiff, under the same management as Plaintiff, but were members of a different class as they were not black, have been treated more favorably than Plaintiff in the terms and conditions of employment.

76. Further, other employees that worked in the same position as Plaintiff, under the same management as Plaintiff, but were members of the same class as they were black, have been treated similarly to Plaintiff in the terms and conditions of employment.

77. Plaintiff's color was a determining factor in Defendant's unlawful conduct toward Plaintiff.

78. Plaintiff's color was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

79. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

80. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her color (Black).

81. Defendant discriminated against Plaintiff because of her color (Black) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

82. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs– and is entitled to all available legal and equitable remedies.

83. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

84. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all the other losses stated, without Plaintiff contributing in any way thereto.

**COUNT FOUR**
**(Discrimination on the Basis of Retaliation in violation of Title VII of the**

**Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e,** *et seq***.)**

85. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

86. As Plaintiff previously engaged in protected activities, Plaintiff is a member of a protected class.

87. Plaintiff was subjected to an adverse action in the form of her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay.

88. As the adverse actions to which Plaintiff was subjected were demonstrably harsher than that meted out by Defendant to Plaintiff's co-workers who had not engaged in protected activities, Plaintiff charges that her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay were the result of her race.

89. Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment via her repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay.

90. Defendant knew that Plaintiff had engaged in prior protected activities prior to subjecting Plaintiff to the aforementioned material adverse employment actions.

91. As described above, Plaintiff has been treated differently than and subjected to different terms and conditions of employment in comparison with her co-workers who had not engaged in protected activities.

92. As stated above, other employees that worked in the same position as Plaintiff, under the same management as Plaintiff, but were members of a different class

as they had not engaged in protected activities, have been treated more favorably than Plaintiff in the terms and conditions of employment.

93. Plaintiff's prior protected activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

94. Plaintiff's prior protected activity was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

95. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

96. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her prior protected activities.

97. Defendant discriminated against Plaintiff because of her prior protected activities by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

98. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

99. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

100. Plaintiff has incurred lost wages, loss of reputation and loss of career

opportunity now and into the future, and all the other losses stated, without Plaintiff contributing in any way thereto.

## COUNT FIVE
**(Hostile Work Environment in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)**

91. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

92. Plaintiff was subjected to a harassing work environment that was "severe and pervasive" as she was subjected to repeated discipline, demotion, change in detail, improper investigations recorded in her personnel file, and docking of her pay.

93. As Plaintiff's supervisors were responsible for the severe and pervasive harassing behavior, Defendant is held directly liable for the harassment.

94. As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, were treated more favorably than Plaintiff in the terms and conditions of employment.

95. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

96. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff in a manner that is severe and pervasive.

97. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including, but not limited to, past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, and costs, - and is entitled to all available legal and equitable remedies.

98. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing throughout the period stated in this Complaint.

99. Plaintiff has incurred lost wages, loss of reputation, and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of $250,000.00;

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c. Award pre and post judgment interest;

d. Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

e. Award reasonable attorney fees, costs, and expenses with interest incurred for this action;

f. Order Defendant to institute a policy and procedure to be implemented against discrimination;

g. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

h. Supervisory training for the supervisors at issue herein;

i. Award equitable, declaratory, and injunctive relief; and

j. Award such other and further relief as this Honorable Court deems just and proper.

## Equitable Relief

100. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

101. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, clear and present dangers to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through its agents, servants, and employees.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

May 25, 2022                                              Respectfully submitted,

                                            By: *Donna Williams Rucker*
                                                 Donna Williams Rucker
                                                 (DC Bar 446713)
                                                 Tully Rinckey, PLLC
                                                 2001 L Street, N.W., Ste. 920
                                                 Washington, DC 20036
                                                 (202) 787-1900
                                                 (202) 640-2059
                                                 drucker@fedattorney.com
                                                 *Counsel for Plaintiff*