IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMIKA HOLMES<br>1712 Poling Avenue<br>Fort Washington, MD 20744<br><br>   **Plaintiff,**<br><br> v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY,<br>600 5th Street, N.W.<br>Washington, D.C. 20001<br><br>   **Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>: Case No. 1:22-cv-01478-JEB<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ANSWER OF DEFENDANT**
**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

Defendant, Washington Metropolitan Area Transit Authority, ("WMATA"), hereby states its Answer to Plaintiff's Complaint.

**RESPONSES TO PARAGRAPHS IN COMPLAINT**

1. Paragraph 1 of the Complaint is a statement of the case to which no response is necessary. To the extent any answer is required, the allegations are denied.

2-3. Admitted.

4. WMATA admits only that Plaintiff filed a charge of discrimination with the EEOC Washington Field Office ("EEOC'), identified as EEOC Charge No. 570-2021-01998. WMATA denies the remaining allegations of Paragraph 4 of the Complaint.

5. Denied.

6-11. WMATA lacks knowledge or information sufficient to form a belief about the truth

of the allegations made in Paragraphs 6-11; therefore, the allegations of Paragraphs 6-11 are denied.

12. WMATA admits only that it is a transit authority, created by interstate compact among the District of Columbia, Virginia, and Maryland to provide mass transit in the Washington, D.C. metropolitan area. WMATA denies the remaining allegations of Paragraph 12 of the Complaint.

13. WMATA incorporates by reference its responses to Paragraphs 1-13 of the Complaint.

14. WMATA admits only that Plaintiff is a MTPD Police Officer hired in 2001 and that she was at one time held the rank of Lieutenant. WMATA denies the remaining allegations of Paragraph 14 of the Complaint.

15. Admitted.

16-34. Denied.

## COUNT ONE

35. WMATA incorporates by reference its responses to Paragraphs 1-35 of the Complaint.

36. Admitted.

37-51. Denied.

## COUNT TWO

52. WMATA incorporates by reference its responses to Paragraphs 1-52 of the Complaint.

53. Admitted.

54-67. Denied.

## COUNT THREE

68. WMATA incorporates by reference its responses to Paragraphs 1-68 of the Complaint.

69. Admitted.

70-84. Denied.

## COUNT FOUR

85. WMATA incorporates by reference its responses to Paragraphs 1-85 of the Complaint.

86-100. Denied.

## COUNT FIVE

Plaintiff's misidentified 91. WMATA incorporates by reference its responses to Plaintiff's 1-100 and Plaintiff's misidentified Paragraph 91.

Plaintiff's misidentified 92-99. Denied.

## EQUITABLE RELIEF

Plaintiff's misidentified 100-101. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against WMATA upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, at least in part, by principles of sovereign/governmental immunity and/or by Section 80 of the WMATA Compact.

**THIRD AFFIRMATIVE DEFENSE**

Any employment decisions by WMATA were made for valid and legitimate non-discriminatory and non-retaliatory reasons.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that discovery provides a basis, WMATA reserves the right to argue that this action is barred by the statute of limitations, including, but not limited to, any failure to file suit within 90 days of receipt of the right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC").

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that discovery provides a basis, WMATA reserves the right to argue that Plaintiff has failed to initiate or exhaust timely his administrative remedies under any applicable statutes, including, but not limited to, a failure to file a charge of discrimination with the EEOC within 180 days from the date of the alleged occurrence.

**SIXTH AFFIRMATIVE DEFENSE**

Count I (Race Discrimination), Count II (Gender Discrimination), and Count III (Discrimination Based on Color) of Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust her administrative remedies on those allegations and/or her allegations under those counts were outside the scope of Plaintiff's filed Charge of Discrimination with the EEOC.

4

## **SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims for damages are barred or reduced to the extent that she failed to properly mitigate his alleged damages.

## **EIGHTH AFFRIMATIVE DEFENSE**

WMATA denies any allegations in the Complaint to which it did not specifically respond and denies that Plaintiff is entitled to judgment in its favor or for any relief whatsoever.

WHEREFORE, having fully answered the Complaint, Defendant WMATA requests this matter be dismissed and it be awarded the cost of responding to this suit.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY


*/s/ Michael K. Guss*
Michael K. Guss #17040
Senior Counsel
WMATA-COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1468

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer to the Complaint was filed and served electronically this 23rd day of August 2022 on:

Donna Williams Rucker
Tully Rinckey, PLLC
2001 L Street, N.W.
Suite 920
Washington, DC 20036

Counsel for Plaintiff

/s/ Michael K. Guss
Michael K. Guss