# Allegations and Investigations Disposition

Tracking Number: ADM 16-204

Employee name: Lieutenant Tomika Holmes

Assignment: District 1, B-Section

Synopsis of allegation:

Lieutenant Holmes was observed operating her privately owned vehicle during her regular tour of duty without approval from an Official.

This investigation is complete; the final report includes the following conclusion:

- ❏ *Unfounded* - the allegation was determined to be false or not factual or that you were not involved.
- ❏ *Not Sustained* - insufficient evidence is available to prove or disprove the allegation.
- ❏ *Exonerated* - the event occurred but was lawful.
- X *Sustained* - the evidence is sufficient to support the allegation.

Employee's Signature: _T.M. Holmes_ Date _12/05/16_

Supervisor's Signature: _Mitchell W. Dowdy_ Date _12/5/16_

001450

# MEMORANDUM



SUBJECT: Letter of Reprimand                                      DATE: November 16, 2016

FROM: MTPD – Chief Ronald A. Pavlik, Jr. /signed/

TO: MTPD – Lieutenant Tomika Holmes

I have reviewed the investigation report concerning your actions on October 11, 2016. The investigation concludes that you operated your privately owned vehicle while on duty without the approval of an official, which is in violation of General Order #215. I have therefore approved the recommendation that you receive this Letter of Reprimand for violating General Order #215, Section IV. A., 12. *"When reporting to or from a beat, members will use the most expedient route/method and will not use their privately owned vehicle unless approved by an Official."*

You are advised that the disciplinary action imposed in this instance may impact unfavorably on possible future opportunities as well as your selection for special assignments. Similar incidents may result in progressively severe discipline to include termination.

In the future, you are expected to upgrade your performance and sense of responsibility to levels required of all sworn members of the Metro Transit Police Department.

A copy of this correspondence will be placed in your police service file.

Metro Transit Police Department

**I have read this report and I am
Aware that a copy will be placed
in my personnel folder.**

/signed/ 12/05/16
Employee's Signature and Date

**LAW ENFORCEMENT SENSITIVE
NOT FOR GENERAL RELEASE**

001451

Page 1 of 1

# MEMORANDUM



| | |
|---|---|
| **SUBJECT:** Administrative Investigation – Operation of Privately Owned Vehicle While On Duty OPRI #ADM 16-204 | **DATE:** November 16, 2016 |

**FROM:** MTPD – Captain Mitch Dowdy

**TO:** MTPD – Deputy Chief Kevin Gaddis

## PROLOGUE:

This investigation was initiated by this investigating official on October 11, 2016, upon observing Lieutenant TOMIKA HOLMES arrive at the Metro Transit Police District One Station from a training assignment in her privately owned vehicle, dressed in civilian attire, during her regularly assigned tour of duty. The purpose of this investigation is to determine if Lieutenant Holmes violated MTPD polices or procedures.

- MTPD G.O #215 – Duties and Responsibilities

## OBSERVATION:

On Tuesday, October 11, 2016, at 1352 hours, this investigating official received a Microsoft Outlook Invite forwarded by Lieutenant Holmes noting she had a training assignment at the Jackson Graham Building that day that started at 1300 hours (Attachment #1). The invite noted the training was from 1300-1600 hours. At approximately 1700 hours this investigating official observed Lieutenant Holmes arrive at the Metro Transit Police District One Station in her privately owned vehicle, dressed in civilian attire. Lieutenant Holmes exited her vehicle and I asked her what she was doing, driving her personal vehicle while on duty. She responded that she was coming from a training assignment. Due to an emergency situation in the rail system, I advised her to get into uniform as soon as possible to assist with the situation in the rail system. I later advised her via email that prior to the end of the shift to provide a written statement concerning her late notification of her training assignment and her operating her personal vehicle while on duty.

Lieutenant Holmes provided a written statement, which this investigating official followed up with by conducting a Question and Answer (Attachment #2). In her statement she notes that she accepted the training the week prior and believed the message was carbon copied to this investigating official, but it was not. She also notes that she advised the Training Division Commander of the training assignment. Lt. Holmes admits she should have ensured notification was made to her section

officials, but it was an oversight due to way the invite and calendars are set up.

Lieutenant Holmes states that she believes she was not wrong in her operation of her personal vehicle. She basis this belief in part due to her feeling that as a Lieutenant on the Department she makes numerous concessions of her time off duty and devotion off duty. She further states "I was not being paid for the hour of training that fell outside of my normal duty hours, I would chalk up the fact that I would have to pay to park downtown and ultimately I would be off the clock during my travel to the District, thus making up for the hour of time lost prior to my shift." She goes on to reason that she knew she would have a long night as she has when assigned Watch Commander Duties, which are not compensated for. She also states that "ultimately, to have the (1) hour lost for training and made up for travel seemed like a small blip on the radar of the service I chose to give."

In an email exchange with this investigating official and Lieutenant Conrad SULLIVAN after the notification from Lieutenant Holmes that she was in training, she wrote "It is my plan to work afterwards ... my intent was to ensure you were aware ... I do only plan to work my (8) hours" (Attachment #3).

Upon being advised that Lieutenant Holmes notified the Training Commander of her training, this investigating official reviewed email notifications of Training Bulletin's. This official discovered that an email notification sent by Sergeant Kevin BERRY, on Friday, October 7, 2016 at 1652 hours did in fact note Lieutenant Holmes assigned to the training note on Training Bulletin October 8-11, 2016 (Attachment #4).

### CONCLUSION:

Lieutenant Holmes was assigned to a training assignment, for which, formal notification was made via the Departmental Training Bulletin. Though she admits she should have ensured that the section officials were reminded, the issue of them, as well as this investigation official, not being notified by her were due to the way the Outlook Calendar Invite was set up. This is an oversight, but not a violation of any Departmental Policy or Procedure.

Lieutenant Holmes did not request from this investigating official that she be allowed to operate her privately owned vehicle while on duty. She did not make any request to adjust her shift to attend the training that started one hour prior to her normal scheduled tour of duty or request that she split her shift by attending a four hour block of training, be off for one hour to travel, and then work a four hour shift at her regular assigned duties as a Patrol Lieutenant. Her reasoning of making up time lost and being off the clock during travel was not requested or authorized. Though she justifies her decision based on knowing she would have long hours as the Watch Commander, in her email correspondence she specifically stated she intended on working only her eight hour shift. Lieutenant Holmes operated her privately owned vehicle while on duty without authorization from this investigating official.

**FINDINGS:**

**CHARGE #1** Violation of General Order #215, Section IV. A., 12. *"When reporting to or from a beat, members will use the most expedient route/method and will not use their privately owned vehicle unless approved by an Official."*

**SPECIFICATION:** Lieutenant Holmes was operating her privately owned vehicle during her normal tour of duty without approval by an Official.

**CLASSIFICATION:** Sustained

**RECOMMENDATION:** Letter of Reprimand

It is recommended that this investigation be closed, classified as **SUSTAINED** and file in accordance with Departmental policy.