THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMIKA HOLMES, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> WASHINGTON METROPOLITAN ) <br> AREA TRANSIT AUTHORITY ) <br> ) <br> *Defendant*. ) | Civil Action No. 1:22-CV-01478-JEB <br><br><br><br><br><br> December 4, 2023 |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE**

1. Plaintiff engaged in protected activity when she filed various complaints, both internal and with the EEOC, alleging prohibited race and sex discrimination employment practices. ECF 1, ¶¶ 17, 19, 21, 23, 24, 27; ECF 14 at 7; *see* Exhibit 4 at 79:9-21; 82:14-16.

2. Deputy Chief Boehm and Chief Pavlik had knowledge of Plaintiff's extensive protected activity beginning in 2012, specifically allegations of discrimination and retaliation by both Boehm and Pavlik. *See* Exhibit 3, 85:11-12.

3. Plaintiff, along with other African American Lieutenants, was not considered for promotion to Captain in 2015 as those roles were instead filled by two (2) white men, George Nader and Michael Anzallo. *See* Exhibit 13; Exhibit 14.

4. Following Plaintiff's internal complaint of discrimination against Deputy Chief Boehm, Plaintiff was involuntarily reassigned to the day shift, which increased contact with Deputy Chief Boehm whom she had just filed a complaint against as her harasser; improperly demoted to sergeant; the subject of a frivolous investigation; and improperly had her compensation withheld. *See* ECF 1, ¶ 17-34; *see* Exhibit 2, Plaintiff's Discovery Responses at 6-7; *see* Exhibit 3 at 86:10-13; *see* Exhibit 4 at 101:18-20.

5. Plaintiff's complaint against a white, male colleague, Brandon Fletcher, for submitting a frivolous and unfounded allegation against Plaintiff was not accepted for investigation, while Deputy Chief Nader's initial complaint against Plaintiff was accepted for investigation. *See* Exhibit 11; Exhibit 16.

6. Defendant, by and through Chief Pavlik and Deputy Chief Boehm, initiated over seven (7) investigations against Plaintiff during a sixteen (18) months period. *See* Exhibit 3 at 27:6-19; *see* Plaintiff's Discovery Responses at 5-6.

7. In an attempt to further harass and terrorize Plaintiff, Chief Pavlik would often assign these baseless and vengeful investigations specifically to Deputy Chief Boehm, Plaintiff's documented harasser, to oversee and complete. *See* Exhibit 2, Plaintiff's Discovery Responses at 5.

8. Plaintiff had been vocal that the January 2021 demotion from Lieutenant to Sergeant was retaliatory, as well as the subsequent adverse employment actions implemented by Boehm and Pavlik as a result of that vocalization. *See* Exhibit 3 at 69:16-22; 70:1.

9. Plaintiff filed a complaint against the same coworker who initiated an investigation against her, but Defendant refused to respond and/or investigate. ECF No. 1, ¶ 27; *see* Exhibit 3 at 85:11-22; 86:1-8; *see* Exhibit 4 at 108:15-19.

10. Within weeks after Plaintiff filed an internal complaint alleging discrimination and retaliation, Chief Boehm initiated an investigation into her alleged misconduct. Exhibit 3 at 129:3-11; *see* ECF No. 1, ¶ 24; *see* Exhibit 2.

11. In the same month that Plaintiff lodged a complaint against her coworker, her compensation was impermissibly docked despite timely providing all requested information. ECF No. 1, ¶ 31; *see* Exhibit 3 at 119:1-12.

12. Defendant, by and through Chief Pavlik and Deputy Chief Boehm, refused to investigate Plaintiff's legitimate complaints of discrimination and hostile work environment, while referring to her as a "problem" because of her history of protected activity, all the while both Pavlik and Boehm launched baseless, unfounded, and wasteful investigations against her for the purposes of intimidation and retaliation. ECF No. 1, ¶ 19; *see* Exhibit 4 at 108:15-21, 109:1-21; *see* Exhibit 3 at 122:14-22.

13. Plaintiff was forced to implore Defendant to change the findings of the missing evidence investigation from "exonerated," which implied that Plaintiff had still committed a violation, to "unfounded." *See* Exhibit 11.

14. Plaintiff had a portion of her compensation withheld for several weeks in June 2021 despite having worked the hours for an alleged "overpayment" that was never outlined with documents nor explained to her and was never rectified despite Plaintiff providing evidence to the contrary. *See* Exhibit 3 at 120:13-22; 121:1-11; *see* Exhibit 10.